**In re CHADBORNE INDUSTRIES, LTD., Debtor.**

**Bruce D. SCHERLING, as Trustee of the Estate of Chadborne Industries Ltd., Plaintiff,**

v.

**PAN TRADING CORPORATION, S.A., Ranjit Ghura, Brantingham Corporation, N.V. and Ansar A. Husain, Defendants.**

**Bankruptcy No. 85 B 11169 PBA. Adv. No. 86–5375A.**

United States Bankruptcy Court, S.D. New York.

Feb. 24, 1987.

Orenstein & Orenstein, P.C., New York
City, for defendants Pan Trading Corp.,
S.A. and Ranjit N. Ghura.

Scherling, Davidson & Rech, P.C., New
York City, for trustee.

Braverman & Rosen, New York City, for
Ansar A. Husain.

## MEMORANDUM DECISION ON MOTION FOR DISCOVERY SANCTIONS

PRUDENCE B. ABRAM, Bankruptcy
Judge.

In a twist on the usual posture of the
parties, here it is two of the defendants
who have moved to compel discovery and
for sanctions (the "Discovery Motion").
The plaintiff in this adversary proceeding
commenced on April 24, 1986, is Bruce D.
Scherling, the Chapter 7 Trustee (the
"Trustee") of Chadborne Industries, Ltd.
("Chadborne").[1] All defendants have filed
answers denying the material allegations.
The two individual defendants, who include
one of the movants, filed separate motions
to dismiss the complaint for failure to state
a claim which motions were denied by the
court on June 30 and August 14, 1986. By
cross-motion, the Trustee sought leave to
file an amended complaint which motion
was granted. On August 14, 1986, the
Trustee filed an amended complaint (the
"Amended Complaint"). The Amended
Complaint contains six counts, the first
four of which concern Ranjit Ghura ("Ghu-
ra") and Pan Trading Corporation, S.A.
("Pan Trading") (collectively the "Mov-
ants"), the two defendants who made the
Discovery Motion.

The First Count of the Amended Com-
plaint alleges that the execution of a lease
dated January 30, 1984 (the "Lease") be-
tween Chadborne, as lessor, and Pan Trad-
ing, as lessee for a twenty-year term, in-
cluding renewal option, of the Holland Ho-
tel located at 351 West 42nd Street, New
York City (the "Property"), was a fraudu-
lent conveyance under Section 276 of the
New York Debtor and Creditor Law
("DCL"). The Trustee seeks to avoid the
Lease and recover all transfers of revenues
since the inception of the Lease pursuant to
Bankruptcy Code § 550(a)(1) and (2).

In the Second Count, the Trustee chal-
lenges the validity of a letter agreement
dealing with revenues from the Property,
asserting that it was backdated and a
fraudulent conveyance under DCL § 276.
The Third Count alleges that, as the Lease
was not recorded, it must under Bankrupt-
cy Code § 548(d)(1) be considered to have
been made immediately before filing of the
petition. Thus, the Trustee seeks to avoid
the transfer pursuant to Code § 548(a)(1)
and to recover all avoided transfers of
funds. The Fourth Count alleges that the
unrecorded Lease is avoidable pursuant to
Code § 544(a)(3).

Chadborne was part of a group of corpo-
rations owned by Esal (Commodities) Ltd.
("Esal UK"), an English corporation now
the subject of winding up proceedings in
Great Britain. Rajendra Sethia, an Indian
national who was the sole shareholder of
Esal UK, is currently imprisoned in India
as a result of charges that he fraudulently
obtained approximately $200,000,000 from
the London branches of three government-
owned Indian banks.

The Lease which is the subject of Counts
One through Four was entered into at the
time Sethia's empire was collapsing. Ghu-
ra, who is the sole shareholder of Pan
Trading, the lessee, is Sethia's brother-in-
law.

Under date of July 17, 1986, the Movants
made a Second Request for Production of
Documents (the "Second Request") to
which the Trustee served responses and
objections dated August 20, 1986. On De-
cember 10, 1986, the Movants made the
Discovery Motion which seeks to compel
production of documents and also seeks
cost sanctions of $2,500.

The Second Request is five pages long
and asks for production of 18 categories of

[1]. Chadborne filed its Chapter 7 petition on or about July 19, 1985.

documents. The Trustee turned over only one document in response to the Second Request. The Discovery Motion was filed shortly after the Trustee's counsel filed an application for an allowance of compensation and is predicated in part on the contents of that application. In the fee application, the Trustee's counsel stated that it had received documents on July 19, 1986 from the English liquidators and further described time spent reviewing extensive documentation received by the Trustee in response to Bankruptcy Rule 2004 document requests.[2]

The Trustee submitted amended responses and objections at the hearing on the Discovery Motion. No other response to the Discovery Motion was filed prior to or at the hearing. At the hearing, the court directed counsel for the Movants to supplement the request for cost sanctions to show the basis for the amount requested and provided that the Trustee could comment on the Movants' additional submission by December 29. Movant's counsel supplied a fee calculation under date of December 23. Under date of December 29, the Trustee's counsel submitted a three-page single-spaced letter to the court which did not comment on the amount of costs and which was *not* copied to the Movants. The court therefore declines to consider the December 29 letter as it is an *ex parte* communication and fails to comment on the December 23 fee calculation, the only topic on which the court permitted additional papers to be submitted by the Trustee.

■ Sanctions are plainly warranted. The Trustee's original and amended answers are non-responsive, evasive and incomplete and thus are to be treated as failure to answer under Fed.R.Civ.Pro. 26(c).[3] Fed.R.Civ.Pro. 26(b)(1) sets forth the scope of permissible discovery. It provides as follows:

"(1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

Request for Production No. 3 requested all documents which indicate or reflect any sums received by the Debtor as gross receipts through its use and operation of the Property. Request No. 5 asked for all documents which indicate or reflect any sums paid by Chadborne for expenses incurred through its use and operation of the property. The Trustee originally responded to both requests as follows:

"Plaintiff objects to this request on the grounds that it is overly broad and further objects on the ground that any information provided by the requested documentation would be immaterial to the claims in this litigation."

In his Amended Response, the Trustee changed his responses to the following:

"The Holland Hotel began to house welfare recipients prior to the execution of the net lease with Pan Trading. Consequently, plaintiff reasserts that the request is overly broad as it encompasses documentation relevant to the period prior to when the hotel commenced housing welfare recipients.

"Plaintiff further objected to this request on the grounds that the requested documentation was immaterial to the causes of action in the complaint. A cause of action for intentional fraud may be sustained even if consideration is present. Issues of consideration would

**2.** The Trustee has taken no discovery in this adversary proceeding, although the Trustee has taken various examinations and made document requests under Bankruptcy Rule 2004.

**3.** Bankruptcy Rules 7025 through 7037 make Rules 25 through 37 of the Federal Rules of Civil Procedure applicable in adversary proceedings.

only arise upon a determination of whether or not the transferee is entitled to any compensation for prior consideration.

"Plaintiff maintains that the defendant's request is directed toward compensating consideration, which, at the present time, would only serve to obfuscate and to misdirect the Court's attention from the issue of intentional fraud. However, should the Court direct that plaintiff comply with the request, plaintiff shall produce for inspection and copying the appropriate checks obtained pursuant to subpoena responses, portions of the Debtor's General Ledger and accounting papers."

■ No basis appears for the Trustee's assertion that the requests, which bear *inter alia,* on the value of the property are overly broad. The Lease is challenged as a fraudulent conveyance in three counts of the Amended Complaint in reliance on DCL § 276 and on Bankruptcy Code § 548(a)(1). These two provisions are similar and provide that a conveyance made with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud present or future creditors, is fraudulent as to present and future creditors. Valuation of the Property before and after the transfer effected by the Lease would be relevant on the issue of actual intent to hinder, delay or defraud.[4] This court fails to understand how the requested discovery would serve to obfuscate and misdirect the court's attention since discovery takes place solely between the parties.

Request 7 requested all documents which indicate or reflect any sums due any creditor of Chadborne as of January 31, 1984. The Trustee's response was that the proofs of claim filed by the various creditors of the estate are available for inspection and

copying in the Bankruptcy Clerk's Office. January 31, 1984, predates the filing of the Chapter 7 petition by over a year. The Trustee's answer is not responsive to the question asked. Request 8 and the Trustee's answer are similar to Request 7 and do not warrant separate discussion.

■ Request 12 requested all documents which indicate or reflect any sums received by Chadborne in consideration for leasing the property to Pan Trading. The Trustee objected on the grounds that all documentation "is at least as readily obtainable from said defendant as from plaintiff." A similar reply was made to Request 13. Nothing in Fed.R.Civ.Pro. 26(b)(1) precludes a party from seeking to determine what documents an adverse party has even though the party seeking the discovery may prove to have some or all of them.

Request 17 requested information about any offers to purchase the property. The Trustee objected on the grounds that all pertinent documentation was confidential in nature and concerned privileged work product of counsel. This court views such offers as potentially relevant to the litigation. Since no current offer has been reduced to contract, this court will treat the Trustee's objection as a request for a protective order under Fed.R.Civ.Pro. 26(c), grounds (4) and (7), and will not require the Trustee to produce any documents in this category except those relating to offers which have been rejected by the Trustee or to any pre-Chapter 7 offers known to the Trustee.

The balance of the Trustee's responses, those to Requests Nos. 1, 2, 4, 6, 9, 10, 11, 14 and 18, are based on lack of possession, custody or control of the requested documents. The Movants have offered through counsel's time records proof that

---

4. Code § 548(c) provides that a transferee that takes for value and in good faith has a lien to the extent of the value given. This is evidently the "compensating consideration" to which the Trustee refers. The Trustee's counsel appears to be of the view that a finding of actual fraud would mandate a finding that the transferee did not act in good faith. Certainly the extent of the overlap of those two issues would be a central factual focus of any trial.

It should also be noted that the Code § 548(c) issue would overlap with the issue of "reasonably equivalent value" in Code § 548(a)(2)(A) and "fair consideration" in DCL § 272, which applies in actions predicated on DCL. §§ 273, 273-a, 274 and 275. To date, the Trustee has not relied on these other sections in challenging the transfers as fraudulent conveyances.

the Trustee's responses to at least some of those questions must have been less than forthright.

The Movants have sought sanctions in the form of attorneys' fees in the amount of $2,500. The Movants' December 23 submission reflects that 24.8 hours were expended in preparing the motion papers and memorandum of law and in arguing the motion. The time charges range from $100 an hour to $200 an hour, which would total $2,920. The court is satisfied that the amount requested is reasonable and that the imposition of monetary sanctions is warranted by the legally and factually insufficient nature of the answers provided in the original and amended responses. See Fed.R.Civ.Pro. 26(g) ("The signature of an attorney [on a discovery response] constitutes a certification that he has read the * * * response * * * and that to the best of his knowledge, information, and belief formed after a reasonable inquiry it is: (1) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law * * *. If a certification is made in violation of the rule, the court, upon motion * * *, shall impose * * * an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.") The court will therefore impose a monetary sanction in the amount of $2,500 on Scherling, Davidson & Rech, P.C.

Movants are directed to settle an appropriate order.